ELECTROLUX CORPORATION, PROSECUTOR-APPELLANT, v. BOARD OF REVIEW (STATE OF NEW JERSEY UNEMPLOYMENT COMPENSATION COMMISSION) AND PETER A. DRAINA, STANLEY J. PAULOSKI, HORACE P. WHALEN, THOMAS R. WOJICK AND KENNETH L. REYNOLDS, DEFENDANTS-RESPONDENTS.

Argued May 19, 1942—Decided September 18, 1942.

For the appellant, *Pitney, Hardin & Ward* (*Corwin Howell,* of counsel).

For the respondents, *Clarence F. McGovern.*

The opinion of the court was delivered by

HEHER, J. The question here is whether the individual respondents bore such relationship to appellant as to render them eligible to unemployment compensation benefits under *R. S.* 1937, 43:21-1, *et seq.* The Board of Review resolved the issue in the affirmative, and the Supreme Court affirmed the judgment.

These respondents held contracts with appellant similar to the one considered in the case of *Electrolux Corp.* v. *Board of Review,* 129 *N. J. L.* 154, a companion case this day decided. There was no evidence here as to the practice of the parties in the performance of the contract; and the contention made by appellant is that the contracts reveal that respondents were independent contractors and not employees within the purview of the statute.

The statute defines "employment" as "service  *  *  * performed for remuneration or under any contract of hire, written or oral, express or implied;" and it is provided that "services performed by an individual for remuneration shall be deemed to be employment subject" to the act, unless the ABC test is satisfied. *Section* 43:21-19 (i) (6). To take such services out of the category of "employment," there must be a showing (A) that "such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact;" (B) that "such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed;" and (C) that "such individual is customarily engaged in an independently established trade, occupation, profession or business."

Clearly, freedom from control or direction under the contract of service and in fact has not been shown; and there is no evidence that these salesmen were customarily engaged in an independently established trade, occupation, profession

or business. We need not consider the criterion laid down in subsection (B). Unless all three tests are met, the service is to be considered employment subject to the act.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—None.